IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:22cr60 (DJN)

KARL KAREEM GOODALL,
Petitioner.

**MEMORANDUM OPINION**

Karl Kareem Goodall, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside or correct his federal conviction and sentence. ("§ 2255 Motion," ECF No. 40).[1] The Government opposes the § 2255 Motion, arguing, *inter alia*, that it is barred by the statute of limitations. (ECF No. 43.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (*see* ECF No. 41 at 1–2), Goodall filed no response. For the reasons set forth below, the § 2255 Motion will be DENIED.

**I.     PROCEDURAL HISTORY**

On May 17, 2022, a grand jury returned a two-count indictment charging Goodall with (1) possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and (2) possession with intent to distribute a mixture and substance containing a detectable amount of heroin and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF No. 1 at 1–2.) On July 26, 2022, Goodall pled guilty to Count One pursuant to a plea agreement. (ECF No. 16; ECF No. 19 ¶ 1.) On December 15, 2022, the Court

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system and corrects the spelling, punctuation and capitalization in quotations from Goodall's submission.

entered Judgment and sentenced Goodall to seventy-two months of imprisonment. (ECF No. 28 at 1–2.) Goodall did not appeal.

On February 18, 2025, Goodall filed the § 2255 Motion.[2] (ECF No. 40.) The document is seven pages long but fails to articulate any clear, singular statement of the basis on which Goodall seeks relief. Rather, in each of the § 2255 Motion's ten paragraphs, Goodall raises a variation on the argument that his conviction under 18 U.S.C. § 922(g)(1) lacks constitutional validity, because it violates his rights under the Second Amendment. (ECF No. 40 at 1–7; *see, e.g., id.* at 1 ("[T]itle 18 U.S.C. § 922(g)(1) violates his Second Amendment right of the United States Constitution . . . , so his sentence should be vacated and he should be released from prison immediately." (internal quotation marks omitted) (citations omitted)); *id.* at 3 ("[T]he central component of the Second Amendment of the United States Constitution is 'self defense' and the 922(g)(1) statute regulates the conduct of the Second Amendment right, which is unconstitutional, so his sentence should be vacated." (some internal quotation marks omitted)).) Goodall repeatedly cites to several cases, including *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), *District of Columbia v. Heller*, 554 U.S. 570 (2008), and other out-of-circuit authority to support his position. (*Id.*)

## II.   ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f)   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1)   the date on which the judgment of conviction becomes final;

---

[2]   The § 2255 Motion is not itself dated, but the envelope in which it was mailed bears a February 18, 2025 postmark stamp. (ECF No. 40-1 at 1.) The Court credits this date as the § 2255 Motion's date of filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

>  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Goodall did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, December 29, 2022, the last date to note an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Goodall had until Friday, December 29, 2023, to file a motion under 28 U.S.C. § 2255. Because Goodall did not file his § 2255 motion until February 18, 2025, it is untimely pursuant to 28 U.S.C. § 2255(f)(1) unless he is entitled to a belated commencement or equitable tolling. Goodall makes no argument as to why the Court should consider his § 2255 Motion timely filed. Nevertheless, the Government generously construes the § 2255 Motion to suggest entitlement to belated commencement under 28 U.S.C. § 2255(f)(3).

The Government addresses a possible basis for belated commencement under 28 U.S.C. § 2255(f)(3) — Goodall's invocation of *Bruen* in the § 2255 Motion.[3] (*See* ECF No. 43, at 3–5.)

---

[3] Neither Goodall nor the Government identify any possible basis for relief under §§ 2255(f)(2) or (f)(4) or for equitable tolling.

For the reasons set forth below, the Court finds that Goodall is not entitled to relief under this provision.

"[U]nder § 2255(f)(3), courts will consider a petitioner's motion timely if (1) he relies on a right recognized by the Supreme Court after his judgment became final, (2) he files a motion within one year from 'the date on which the right asserted was initially recognized by the Supreme Court,' 28 U.S.C. § 2255(f)(3), and (3) the Supreme Court or this court has made the right retroactively applicable." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (citations omitted).

Here, as the Government correctly notes, § 2255(f)(3) does not render the § 2255 Motion timely. (ECF No. 43 at 3–5.) First, *Bruen* did not announce a newly recognized right that is retroactively applicable to cases on collateral review. *See Blount v. United States*, No. 3:19-cr-119–RJC–DCK, 2024 WL 3643758, at *2 (W.D.N.C. Aug. 1, 2024) ("The Supreme Court in *Bruen*, however, did not hold that § 922(g)(1) is unconstitutional nor had such right been made retroactively applicable." (citations omitted)); *Marion v. United States*, No. 4:16–CR–00073–FL, No. 4:23-cv-00099–FL, 2024 WL 5006298, at *5 (E.D.N.C. May 6, 2024) (explaining that "multiple courts across the nation have found that *Bruen* does not support a renewed statute of limitations under § 2255(f)(3)" (citations omitted)). Second, even if *Bruen* somehow satisfied § 2255(f)(3), Goodall was required to file his § 2255 Motion within one year of that decision on June 23, 2022, or no later than June 23, 2023. Goodall did not file his § 2255 Motion until February 18, 2025, more than one year after *Bruen* was decided.

4

In sum, Goodall has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations. Accordingly, the § 2255 Motion (ECF No. 40) is untimely and will be DENIED.[4]

### III.    CONCLUSION

For the foregoing reasons, Goodall's § 2255 Motion (ECF No. 40) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Goodall.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Date: January 27, 2026

---

[4] Even if Goodall's challenge to his § 922(g) conviction had been timely and *Bruen* was retroactively applicable to his § 2255 Motion, *Bruen* does not apply to his conviction. *See United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (rejecting *Bruen*-based challenge to § 922(g)); *United States v. Jacobs*, No. 24-4287, 2026 WL 157115 (4th Cir. Jan. 21, 2026) (no impact)).

Moreover, as the Government correctly argues, Goodall's claim is procedurally defaulted and barred from review here. (*See* ECF No. 43 at 2–3.) Indeed, the procedural default rule bars Goodall's claim, absent a showing of cause and prejudice or actual innocence, because Goodall could have raised, but failed to raise, his claim on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also Linder v. United States*, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal"). Goodall offers no cause and prejudice for the default of his claim, and he does not otherwise demonstrate that actual innocence excuses his default. Accordingly, even if his claim were not untimely, it would be barred from review.